IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BOBBY OSBORNE, Individually and On Behalf of All Others Similarly Situated<br><br>      Plaintiff,<br><br>vs.<br><br>NICHOLAS FINANCIAL, INC.<br><br>      Defendant. | Case No: |

## COMPLAINT

Comes now the Plaintiff, Bobby Osborne, by and through counsel and for cause of action will respectfully show to the Court as follows:

### NATURE OF SUIT

1. The Fair Labor Standards Act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944)(discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay certain employees the required wage rate under the FLSA at time and one-half their regular rates of pay for all hours worked within a workweek in excess of forty hours. This is an action under the Fair Labor Standards Act

of 1938, 29 U.S.C. §§ 201 *et seq.* (hereinafter the "Fair Labor Standards Act" or "FLSA"). Plaintiff seeks payment for unpaid overtime work and liquidated damages that he was deprived of due to Defendant's violations of the Fair Labor Standards Act.

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331 (federal question).

4. The acts complained of took place in Williamson County, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff, Bobby Osborne, is a former employee of Nicholas Financial, Inc. ("Defendant"). Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1). His written consent to this action is attached as Exhibit 1. Plaintiff was an employee of Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

6. The Defendant, Nicholas Financial, Inc., is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

7. Defendant Employer comprises an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203(e)(1).

8. Defendant has done in excess of $500,000.00 in annual dollar volume of business in each of the past three years.

9. According to the website of the Defendant, Nicholas Financial Inc.:

> "Nicholas Financial, Inc. provides direct consumer loans and purchases installment sales contracts from automobile dealers for used cars and light trucks. Nicholas Financial operates a network of sixty branch offices in Florida, Georgia, Illinois, Indiana, Ohio, Kentucky, North Carolina, South Carolina, Maryland, Michigan, Missouri, Virginia, Alabama and Tennessee."

10. The Plaintiff and Class Members are engaged in interstate commerce, the production of goods for interstate commerce, or an activity which is closely related and directly essential to the production of such goods in each workweek of their employ with Defendant.

## INDIVIDUAL FACTUAL ALLEGATIONS

11. From approximately May 4, 2009 until September 16, 2011, Plaintiff was employed as an Assistant Branch Manager for the Defendant.

12. Plaintiff worked in the office of Defendant in Brentwood, Tennessee.

13. Plaintiff was classified as "salaried" and received the same amount of pay each week.

14. Plaintiff was paid bi-monthly for his work.

15. While employed as an Assistant Branch Manager, Plaintiff's duties included calling to collect on delinquent loans.

16. Plaintiff's job duties included reviewing credit applications of consumers.

17. Plaintiff's job duties included notifying the dealerships when a lending decision had been made by Defendant Nicholas Financial, Inc.

18. Plaintiff did not supervise any other employees.

19. Plaintiff did not have the authority to hire other employees.

20. Plaintiff did not have the authority to terminate the employment of other employees.

21. Plaintiff did not have the authority to delegate any of their duties to other employees.

22. Plaintiff did not have the authority to handle any employee grievances or complaints.

23. Plaintiff did not have the authority to interpret, implement, or enforce company policies.

24. Plaintiff reported to work every day at the same location and did not work outside this office.

25. Plaintiff did not make more than $100,000.00 annually.

26. As such, Plaintiff was a "non-exempt" employee under the Fair Labor Standards Act.

27. Plaintiff routinely worked in excess of 40 hours in a given workweek.

28. Plaintiff was not compensated for these hours in excess of 40 hours at 1.5 times his regular rate of pay.

29. Defendant maintains a systematic policy that requires Assistant Branch Managers to work more than 40 hours per week without paying them overtime compensation in violation of the FLSA.

30. Defendant knows the FLSA is applicable to their employment practices and Assistant Branch Managers are improperly classified yet still fails to pay overtime.

31. Accordingly, Defendant's pattern or practice of failing to pay these employees in accordance with the FLSA was and is in willful violation of the FLSA.

32. Moreover, Defendant did not act in good faith or have reasonable grounds for believing the FLSA was not applicable.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff Osborne has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours in a week.

34. Defendant has suffered, permitted, and/or required Class Members they employed to work in excess of forty hours per week for less than the federally proscribed overtime rate based on their regular rate of pay.

35. Plaintiff performed the same or similar work as Class Members in the provision of services on behalf of the Defendant.

36. Plaintiff and Class Members regularly work or worked in excess of forty hours during a workweek for less than the federally proscribed overtime rate based on their regular rate of pay.

37. As such, the Class Members are similar to Plaintiff in terms of job duties, work requirements and expectations, and pay structures.

38. The Class Members are similar to Plaintiff in the denial of overtime pay when required to work over forty hours in a workweek.

39. Defendant's failure to pay overtime compensation or the minimum wage at the rates required by the FLSA results from a single decision, policy or plan and does not depend on the personal circumstances of the Class Members.

40. Plaintiff's experience is typical of the experience of Class Members.

41. The specific job titles or precise job titles of each Class Member do not prevent collective treatment.

42. All Class Members are entitled to overtime compensation for hours worked in excess of forty during a workweek as well as minimum wage for each hour worked.

43. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

44. As such, the class of similarly situated employees is properly defined as follows:

**All persons who served as Assistant Branch Managers for Nicholas Financial, Inc. at any time during the three-year period immediately preceding the filing of this Complaint.**

## CAUSE OF ACTION

45. Plaintiff re-alleges and incorporates by reference the facts set forth above.

46. Defendant violated 29 U.S.C. § 207(a) by failing to pay Plaintiff and Class Members it employed time and one-half their regular hourly rates for all hours worked in excess of 40 hours during a.

47. Plaintiff and Class Members have been damaged by these violations of the Fair Labor Standards Act.

48. Defendant's violations of the Fair Labor Standards Act were repeated, willful and intentional.

49. Pursuant to 29 U.S.C. § 207(a) and § 216(b), Defendant is liable to Plaintiff and Class Members they employed for the full amount of all their unpaid overtime compensation, any unpaid minimum wage, plus an additional equal amount as liquidated damages, and attorney's fees and costs.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in Plaintiff's and Class Members' favor, awarding:

A. compensation for all hours worked at a rate less than the applicable minimum wage;

B. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times their regular rates;

C. all unpaid wages and overtime compensation;

6

D.  an equal amount as liquidated damages as allowed under the FLSA;

E.  reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

F.  pre-judgment and post judgment interest at the highest rates allowed by law; and

G.  such other relief as to which Plaintiffs and the Class Members may be entitled.

Respectfully Submitted,

**THE HIGGINS FIRM**

**/s/ JONATHAN A. STREET**
James S. Higgins BPR # 016142
Jonathan A. Street BPR # 021712
Michael Griffith BPR # 030168
116 Third Ave South
Nashville, TN 37201
Telephone (615) 353-0930
Facsimile (615) 353-0963
E-mail: jhiggins@hhpfirm.com
E-mail: street@hhpfirm.com

**DICKSINSON WRIGHT PLLC**

**/s/ M. REID ESTES, JR.**
M. Reid Estes, Jr. BPR # 09043
Martin D. Holmes BPR # 012122
424 Church Street, Suite 1401
Nashville, Tennessee 37219
Telephone (615) 244-6538
Facsimile (615) 256-8386
E-mail: restes@dickinsonwright.com
E-mail: mdholmes@dickinsonwright.com

*Attorneys for Plaintiff and Class Members*