UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BOBBY OSBORNE, individually and )
on behalf of all others )
similarly situated, )
)
      Plaintiff, )
)
      v. )  NO. 3:12-0185
) Judge Campbell/Bryant
NICHOLAS FINANCIAL, INC., )
)
      Defendant. )

### MEMORANDUM AND ORDER

Plaintiff, Bobby Osborne, has filed his motion to compel responses to plaintiff's interrogatories and requests for production of documents seeking to contact information of putative class members (Docket Entry No. 13). Defendant has filed a response in opposition (Docket Entry No. 18), and plaintiff has filed a reply (Docket Entry No. 25).

For the reasons stated below, plaintiff's motion to compel discovery is DENIED as premature.

### Statement of the Case

Plaintiff Bobby Osborne, individually and on behalf of others similarly situated, has filed this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, alleging that defendant Nicholas Financial, Inc. has failed to pay him overtime for work in excess of 40 hours a week as required by the Act. Plaintiff seeks to represent himself and other employees of defendant who are similarly situated. Specifically, plaintiff alleges that he was employed by defendant as an Assistant Branch Manager from May 4, 2009, until September 16, 2011. Plaintiff

alleges that the position of Assistant Branch Manager in which he was employed was wrongfully classified as "exempt" by defendant despite the fact that the actual duties performed were those of a "nonexempt" employee. Plaintiff asserts that all Assistant Branch Managers were wrongfully classified as "exempt" by defendant, and plaintiff seeks to maintain this case as a collective action under 29 U.S.C. § 216(b).

Defendant has filed an answer denying liability (Docket Entry No. 8).

## Analysis

Plaintiff has filed his motion to compel responses to interrogatories 3 and 4 and requests for production of documents 3 and 4 in plaintiff's first combined set of discovery (Docket Entry No. 13). These interrogatories and requests seek the identity and contact information of former and current employees who worked as Assistant Branch Managers for defendant during the "recovery period," apparently defined as the three years prior to filing the complaint.

Defendant has objected to these interrogatories and requests on the ground that they seek confidential employee information regarding former or current employees that is not relevant to the issues in this case. As further response defendant states that it will provide a list of former and current employees with their contact information as directed by the Court if this case is certified as a collective action (Docket Entry No. 16-2 at 9-10).

2

In response to these objections, plaintiff asserts that he needs the contact information for potential class members now "so that Plaintiff can conduct meaningful conditional certification discovery on whether Plaintiff is similarly situated to other Assistant Branch Managers." (Docket Entry No. 14 at 6).

In FLSA cases filed as collective actions, the Sixth Circuit Court of Appeals has adopted a two-stage inquiry to address the question of whether proposed co-plaintiffs are, in fact, "similarly situated" for the purpose of the statute's requirements. Comer v. Wal-Mart Stores, Inc., 454 F.3d 544 (6th Cir. 2006). At the first, or notice, stage, the plaintiff must show only that "his position is similar, not identical, to the positions held by the putative class members." Comer, 454 F.3d at 546-47 (quoting Pritchard v. Dent Wizard Int'l., 210 F.R.D. 591, 595 (S.D. Ohio 2002). Acknowledging that at this early stage discovery is limited, the Court has found that the authorization of notice to potential class members "need only be based on a modest factual showing," using "a fairly lenient standard," and typically results in a conditional certification of a representative class. Comer, 454 F.3d at 547 (quoting Pritchard, 210 F.R.D. at 596 and Morisky v. Public Serv. Elec. & Gas Co., 111 F.Supp.2d 493, 497 (D.N.J. 2000). The Court at this first stage "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." Wlotkowski v. Michigan Bell Tel. Co., 267 F.R.D. 213, 217 (E.D. Mich. 2010) (quoting Brasfield v. Source Broadband Servs., LLC, 257 F.R.D. 641, 642 (W.D. Tenn. 2009)).

Upon a finding that conditional certification as a collective action is appropriate, the Court supervises the process of providing notice to absent class members. See Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 171 (1989).[1] (Trial courts have "both the duty and the broad authority to . . . enter appropriate orders" regarding discovery and notice in the early stages of an FLSA collective action.)

Once discovery has been completed, the defendant may file a motion to decertify the class. Comer, 454 F.3d at 547. At this second stage, the Court has much more information upon which to base its decision on whether particular putative class members are "similarly situated," and employs a stricter standard. Id.

Discovery conducted to date apparently has established that defendant Nicholas Financial operates approximately 60 offices located in 14 different states. Defendant has admitted that it classified all Assistant Branch Managers as exempt from overtime under the FLSA, and that it did not maintain records of hours actually worked by Assistant Branch Managers (Docket Entry No. 25-4 at 33-34). Defendant further has admitted that it had a written job description for the Assistant Branch Manager position, but states that "the specific duties performed by an Assistant Branch Manager vary from location to location and vary based upon the particular Assistant Branch Manager abilities." Id. at 7. The defendant further has admitted that it had a compensation plan that

---

[1]The Hoffman-LaRoche case was brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et. seq.* ("ADEA"). However, the enforcement provisions of the ADEA incorporate the FLSA collective action provisions of 29 U.S.C. § 216(b).

4

applied to all Assistant Branch Managers, and that none of its Assistant Branch Managers were paid any overtime compensation for hours worked over forty (40) per week. Id. at 4 and 6.

Several courts have considered the question whether contact information for potential class members is discoverable before conditional certification as a collective action, and the decisions have gone both ways. Some courts have permitted discovery of contact information of potential class members before conditional certification. See, e.g., Burdine v. Covidien, Inc., 2011 WL 613247 (E.D. Tenn. Feb. 11, 2011) (in a decision containing little information about the underlying facts, the court found that a plaintiff "must be allowed to discover the identities and job duties of her counterparts in order to determine whether they are, in fact, similarly situated." 2011 WL 613247 at *2); Hammond v. Lowe's Home Centers, Inc., 216 F.R.D. 666, 673 (D. Kan. 2003) (finding that discovery is necessary "to identify those employees who may be similarly situated and who may therefore ultimately seek to opt into the action").

Other courts, however, have taken the contrary view and have held that before conditional certification, discovery of identities of potential class members is premature. See e.g., Levine v. Gunther Motor Co., 2010 WL 5140590 (S.D. Fla. Dec. 9, 2010); Knutson v. Blue Cross and Blue Shield of Minnesota, 254 F.R.D. 553 (D. Minn. 2008); Crawford v. Dothan City Bd. of Educ., 214 F.R.D. 694 (M.D. Ala. 2003).

Considering the two-stage process for certifying FLSA collective actions adopted by the Sixth Circuit, the rationales relied upon by other courts that have considered this issue, and

5

the particular facts of this case, the undersigned Magistrate Judge finds that discovery of the names and contact information of potential opt-in plaintiffs is premature. Moreover, discovery of such contact information before conditional certification is likely to impair the Court's ability to supervise the process of providing notice to absent class members. Following conditional certification, if granted, the parties may conduct discovery on whether plaintiff is similarly situated to other particular Assistant Branch Managers.

For the reasons stated above, plaintiff's motion to compel (Docket Entry No. 13) is DENIED.

It is so **ORDERED**.

s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge