# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BOBBY OSBORNE, *individually and on behalf of all others similarly situated* | ) ) ) ) |
| PLAINTIFF, | ) No. 3:12-00185 |
| | ) Judge Campbell/Bryant |
| v. | ) ) |
| NICHOLAS FINANCIAL, INC. | ) ) |
| DEFENDANT. | ) |

To: The Honorable Judge Todd J. Campbell, United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court is the plaintiff's Motion for Attorney's Fees and Costs (Docket Entry (DE) 96). For the reasons explained herein, the Magistrate Judge **RECOMMENDS** that the motion be **GRANTED** in part and **DENIED** in part.

### I. Background and Procedural History

On February 14, 2012, the plaintiff brought this collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (FLSA) (DE 1). The parties agreed to settle the dispute, although they were unable to agree upon the attendant attorney's fees (DE 91). On September 25, 2014, the plaintiff's counsel filed the instant motion and a Memorandum in Support of the Motion, seeking attorney's fees in the amount of: (1) $268,196.00 for the work of counsel at Dickinson Wright PLLC (DW); (2) $61,411.00 for the work of counsel at the Higgins Firm; (3) $2,319.48 for litigation costs of DW; (4) $350.00 for litigation costs of the Higgins Firm (DE 97). The defendants filed a Response in Opposition (DE 99), to which the plaintiffs replied (DE 100). Plaintiff's counsel from the Higgins Firm, Jonathan Street (Mr. Street), also filed a

Declaration, thereby replying to the defendant's response (DE 101). By Order dated September 26, 2014, the instant motion was referred to the Magistrate Judge for a Report and Recommendation (DE 98). Therefore, the matter is now properly before the Court.

## II. Legal Standard

The Court adjudicating a FLSA action "shall, in addition to any judgment awarded…, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216. The award is mandatory, the determination as to the amount of the award is discretionary. *See United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984). "Where settlement [of attorney's fees] is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).[1]

In *Hensley*, the Supreme Court articulated guidelines by which a Court may calculate a fee award and noted that although that case dealt with civil rights litigation under 42 U.S.C. § 1988, "the standards set forth…are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley*, 461 U.S. at 433, n.7. As the Sixth Circuit has emphasized, this Court "perceives no difficulty in the direct application of the *Hensley*…formulation to the recovery of attorney fees under § 216 of the [FLSA]…." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307*, 732 F.2d at 502. The *Hensley* formula along with case law applying it, comprises the following guidelines:

---

[1] *Montano-Perez v. Durrett Cheese Sales, Inc.*, No. 3:08-1015, 2011 WL 128793, at *6 (M.D. Tenn. Jan. 14, 2011) (citation omitted) ("When the settlement agreement is silent as to whether costs and fees are subsequently recoverable, courts must examine whether the parties intended the settlement to be a final disposition of all claims."). Here, the Order approving the settlement of the underlying collective action clearly stipulates that the parties will proceed to request or oppose attorney's fees. (DE 93).

First, the Court should determine the "lodestar." This is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The prevailing party "should submit evidence supporting the hours worked and rates claimed…Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary…." *Hensley*, 461 U.S. at 433-34. A reasonable hourly rate is "defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (citation omitted).

Next, the Court must compare the lodestar "against several factors, not the least of which would be the results obtained by the litigant." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307*, 732 F.2d at 503 (citation omitted). However, "[t]he amount of damages recovered is only one factor to be considered in arriving at a reasonable fee award." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307*, 732 F.2d at 503 (citing *Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 228 (7th Cir.1972)).[2] "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for…limited success." *Hensley*, 461 U.S. at 436-37.

---

[2] A district court can consider the twelve factors from *Johnson v. Georgia Highway Express, Inc.* out of the 5th Circuit. *See Paschal v. Flagstar Bank*, 297 F.3d 431, 435 (6th Cir. 2002); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974) (*abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 92–93(1989) ((1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.).

### III. Analysis

The plaintiff's counsel assert that DW logged a total of 1,007.90 hours of representation, which they voluntarily reduced to 820.50 hours (DE 97, p. 20). They assert that the Higgins Firm logged 171.65 hours, which they voluntarily reduced to 162.60 hours (DE 97, p. 20). In support of their request, the plaintiff's counsel submit detailed invoices. (DE 96-1, p. 4; Exhibit A (Higgins Firm Invoice); DE 97, pp. 11; 13; DE 96-3 (DW Invoice)). As a threshold matter, the undersigned finds that the plaintiff's counsel have submitted sufficiently detailed invoices that meet their burden of documenting that the *hours* claimed were hours actually expended.

#### A. Hourly Rate

A reasonable *hourly rate* must be "one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier*, 372 F.3d at 791 (citation omitted). The defendants argue that the requested hourly rates are unreasonable (DE 99, p. 9). Instead of these fees, which range from $220.00 to $470.00, the defendants argue that the hourly rates should be reduced to $395.00 for those in excess of this amount or reduced by $30.00 for those below this amount (DE 99, p. 12). Moreover, the defendants argue that the fee for paralegals should be reduced to $75.00 (DE 99, p. 12). The defendants argue that a Court in the Eastern District of Tennessee recently found that "the hourly rate of $440.00 charged by Mr. Estes far exceed[ed] the hourly rate necessary to attract competent counsel to take such cases in Knoxville, Tennessee." *Grant v. Shaw Envtl., Inc.,* No. 3:08-CV-350, 2013 WL 1305599, at *5 (E.D. Tenn. Jan. 30, 2013) *report and recommendation adopted*, No. 3:08-CV-350, 2013 WL 1305596 (E.D. Tenn. Mar. 28, 2013). However, as the defendants concede, the Eastern District of Tennessee is not representative of the Middle District. *See Butcher v. Bryson*, No. 3:12-00251, 2014 WL 4385876, at *5 (M.D. Tenn. Sept. 5, 2014); (DE 99, p. 10). The defendants also

cite cases in which this Court found a reasonable rate to be less than the rates requested here.[3] They also cite cases where this Court found $75.00 to be a reasonable fee for paralegal work. [4]

In support of their request, the plaintiff's counsel filed the Declaration of Jonathan Street from the Higgins Firm (DE 96-1) and the Declaration of Martin Holmes from DW (DE 96-2). In their Reply, the plaintiff's counsel also submit the declarations of three local attorneys: (1) Mr. Robert Boston from the law firm of Waller, Lansden, Dortch & Davis; (2) Mr. Dewey Branstetter from the law firm of Branstetter, Stranch & Jennings; and (3) Mr. Charles Yezbak from the Yezbak Law Office, who assert that prevailing local rates for comparable counsel are between $450.00 to $500.00 (DE 100, p. 10; 100-1 to -3). The declaration of Mr. Yezbak was submitted to this Court in *Stewart* and Mr. Yezbak asserted there, as he does here, that the rate of $395.00 "is lower than …the market rates for attorneys of similar experience in Nashville, Tennessee." (DE 100-3, p. 5). As discussed below, the *Stewart* Court ultimately found $395.00 to be a reasonable rate. *Stewart v. CUS Nashville, LLC,* No. 3:11-CV-342, 2014 WL 116593, at *8 (M.D. Tenn. Jan. 10, 2014).

The plaintiff's counsel for DW have aptly described their experience, including close to thirty years of experience for Mr. Holmes and more than thirty years of experience for Mr. Estes, counsel who performed the lion's share of the work for DW, along with Mr. Petz. (DE 96-2, p.

---

[3] (DE 99, p. 10) (citing *Butcher*, No. 3:12-00251, 2014 WL 4385876, at *6 (finding a reasonable hourly rate of $375.00 for attorneys with between nine and twelve years of experience, and $230.00 for an attorney with two years of experience); *Stewart*, No. 3:11-CV-342, 2014 WL 116593, at *8 (finding $395.00 to be a reasonable rate for "highly experienced" attorneys); *Harris v. Metro. Gov't of Nashville,* No. 3:04-0762, 2009 WL 2423306, at *3 (M.D. Tenn. Aug. 6, 2009) (granting an uncontested hourly rate of $275.00); *Randolph v. Schubert,* No. 2:06-0050, 2007 WL 2220407, at *3 (M.D. Tenn. July 27, 2007) (finding between $200.00 to $275.00 to be a reasonable rate)).

[4] (DE 99, pp. 10-11 citing *McCutcheon v. Finkelstein Kern Steinberg & Cunningham*, No. 3-11-0696, 2013 WL 4521016, at *4 (M.D. Tenn. Aug. 27, 2013); *Smith Cnty. Educ. Ass'n v. Smith Cnty. Bd. of Educ.,* No. 2:08-0076, 2012 WL 78382, at *2 (M.D. Tenn. Jan. 10, 2012) *report and recommendation adopted*, No. 2-08-0076, 2012 WL 463292 (M.D. Tenn. Feb. 13, 2012); *Garcia v. Conway,* No. 3:10-01069, 2011 WL 6778258, at *1 (M.D. Tenn. Dec. 23, 2011).

2). Mr. Petz has significantly less experience and his hourly rate is reflective of this. (DE 96-2, p. 9). Moreover, the plaintiff's counsel explain that Ms. Pardee is a paralegal "with a unique skill set and expertise" and is adept at calculating back wages and damages in FLSA actions, saving the expense of outside experts. (DE 96-2, p. 9). For the other paralegals and law clerk at DW, the plaintiff's counsel assert that the rates requested are "established rates for paralegals and paralegal assistants…." (DE 97, p. 15). However, they offer no other information about the paralegal, Ms. McCoy. Moreover, it is not clear whether Ms. Church, as a law clerk, is performing work as an attorney or is performing in a non-attorney capacity.

The plaintiff's counsel for the Higgins Firm have also aptly described their experience, including approximately thirteen years of experience for Mr. Street, who performed the majority of the workload. (DE 96-1, p. 2). There is no additional information on Mr. Hall, the paralegal whose work involves over $5,000.00 of fees.

Additionally, the plaintiff's counsel assert that counsel for DW "typically bill their time on class action cases outside the Nashville, Tennessee market at 'national' rates, which is appreciably higher than the 'local' rates sought here." (DE 97, p. 12). They cite a case from the Northern District of Illinois in which the counsel for DW were awarded $575.00 to $650.00 as an hourly rate, and argue that this case is a "regional case." (DE 97, p. 13). They assert that their "effective hourly rate" is more than $1000.00 per hour. (DE 97, p. 13). The plaintiff's counsel argue that the same "regional case" reasoning applies to the rates for the Higgins Firm (DE 97, p. 14).

Finally, the undersigned notes that as recently as 2013, this Court found that "the prevailing market rate in the Middle District of Tennessee for experienced attorneys seeking recovery of attorneys' fees under federal fee shifting statutes generally hovers between $250.00

and $275.00 per hour." *McCutcheon*, No. 3-11-0696, 2013 WL 4521016, at *2. However, most recently in January of this year, this Court in *Stewart* found that $395 was not only undisputed by the defendants but also a reasonable rate. *Stewart*, No. 3:11-CV-342, 2014 WL 116593, at *8. Moreover, this Court has recently determined that $75.00 is a reasonable rate for work that a paralegal performs. *Stewart,* No. 3:11-CV-342, 2014 WL 116593, at *9.

In light of the foregoing, the undersigned finds that a reduced fee, from the requested rates of between $415.00 to $470.00, to a fee of $395.00, reflects a reasonable fee award for the most senior attorneys, Mr. Estes, Mr. Holmes, Mr. Klett, Mr. West, Mr. Street, and Mr. Higgins. The undersigned also finds that a reduction of $30.00 for the other attorneys is reasonable. The undersigned finds that the rates for the paralegals and the law clerk should be reduced to $75.00, with the exception of Ms. Pardee's work in a non-clerical capacity, as discussed below.

### B. Clerical Work

The defendants submit an exhibit detailing approximately 150 hours of clerical work and argue that the Court should disallow these fees entirely (DE 99-2; DE 99, p. 16). The paralegals performed all of the contested work documented in this exhibit. When an attorney bills for clerical work or the work is simply "overhead," then the Court may disallow or reduce the fee. *See E.E.O.C. v. Whirlpool Corp.*, No. 3:06-CV-0593, 2011 WL 3321291, at *7 (M.D. Tenn. Aug. 2, 2011). However, as noted, this Court has found that an award may consist of reasonable fees for a paralegal. *See Stewart*, No. 3:11-CV-342, 2014 WL 116593, at *9.

Regarding Ms. Pardee, although the plaintiff's counsel provided persuasive reasoning that Ms. Pardee's work should be awarded at greater than the customary $75.00 per hour fee, the work detailed in this particular exhibit is clerical and not under the same exception. The undersigned can find no examples in the submitted exhibit where Ms. Pardee was calculating

damages or back wages, the skills that make her exceptionally valuable. Therefore, the undersigned has examined the DW Invoice and separated Ms. Pardee's work regarding these tasks from her work on other clerical assignments (DE 96-3). Ms. Pardee is noted therein as "PLP." (DE 96-3, p. 59). Of the 72 entries detailing Ms. Pardee's work, 10 apply to the calculation of damages and wages (DE 96-3, pp. 16-58; pp. 16, 44-46, 48, 52, 56, 58). The undersigned finds that these hours of work, totaling 35.80 hours should be awarded at the requested rate of $160.00 ($5,728.00), while all other work, totaling 92.60 hours, should be reduced to $75.00 ($6,945.00). This results in $12,673.00 total for Ms. Pardee.

### C. Block Billing and Vague Entries

The defendants argue that the DW invoice consists of "block billing" and that the entries "do not provide the Court with a way to determine how much time was devoted to each task." (DE 99, p. 13). The defendants submit a list of "the most egregious block billed time entries" and argue that the Court should remedy the "block billing" with a 25% flat reduction in the fee award. (DE 99, p. 13). Separately, although in a similar vein, the defendants argue that there are "116 examples of billing entries that are so vague as to make it impossible for the Court to 'ascertain with a high degree of certainty' that the time at issue was 'reasonably expended' in pursuit of [p]laintiff's claims." (DE 99, p. 18; DE 99-3).

The plaintiff's counsel argue that the contested block-billing entries represent necessary work during trial preparation, and that certain entries actually represent a single activity (DE 100, p. 24). They also assert that they have already accounted for vague entries by voluntarily reducing their fees. (DE 100, p. 24).

While block billing may at times prove insufficient, the Sixth Circuit has found that billing entries "may be sufficient 'even if the description for each entry [is] not explicitly

detailed.'" *U.S. ex rel. Lefan v. Gen. Elec. Co.,* 397 F. App'x 144, 149 (6th Cir. 2010) (citations omitted). Moreover, the Sixth Circuit has noted that even when descriptions are brief, the Court need only determine that "the hours charged were actually and reasonably expended…." *Imwalle v. Reliance Med. Products, Inc.,* 515 F.3d 531, 554 (6th Cir. 2008). The Sixth Circuit has found entries such as "'Email,' 'Telephone Conference w/REL,' and 'Travel to Owensboro…'" to be "sufficiently detailed within the context of the litigation for the court to determine that such time was expended on matters related to the case." *U.S. ex rel. Lefan*, 397 F. App'x at 149.

Here, the undersigned does not find it necessary to engage in a Goldilocks approach to the block billing entries to determine which are "just right." The descriptions are sufficiently detailed for the undersigned to determine that the hours were expended on matters related to the case. Upon reviewing the exhibit that the defendants submit with purportedly vague entries, the undersigned finds that the email entries are consistently listed as 0.10 hours billable time, with few exceptions (DE 99-3). These represent frequent, common activities and a more detailed description would not enhance the ability to determine that the activity was related to the case. Although the emails are described simply, they are described sufficiently.

### D.    Other Arguments

The defendants argue that the Court should reduce any award due to duplicative work such as attorneys "revising each other's revisions." (DE 99, pp. 19-20). They submit an exhibit with purportedly duplicative time entries (DE 99-4). They also argue that the work in responding to the defendant's Motions was duplicative (DE 99, p. 20). They argue that the Court should reduce the fee award for researching issues that should have been within the plaintiff counsel's purview (DE 99, pp. 19-21). They argue that the fee request is "grossly exaggerated." (DE 99, p.

6). Finally, they argue against a fee award for unsuccessful objections, time spend on claimants who did not opt-in or were dismissed, and unnecessary travel time (DE 99, pp. 18-22).

The undersigned is not persuaded that these arguments affect the analysis. Simply, "[t]he result is what matters." *Hensley*, 461 U.S. at 435. Here, the collective action was settled and the parties "reached an agreement on all issues except [p]laintiff's award of attorney's fees and costs…." (DE 97, p. 6). Also, the plaintiff's counsel voluntarily reduced their hours, resulting in a 15.2% decrease in fees for DW and a 5.6% decrease for the Higgins Firm (DE 97, p. 20). The undersigned is persuaded that this represents a good faith effort to exclude excessive, redundant, or unnecessary hours. Therefore, the undersigned is not persuaded that a line by line forensic examination by the Court is required or that further across the board reductions are warranted.

The undersigned is aware that the fees requested herein "are more than triple the settlement amount…." (DE 99, p. 7). However, "[t]he recovery of attorney fees is a tool utilized by Congress to encourage the vindication of congressionally identified policies and rights…[T]ransfixion on the damage amount in establishing fees would penalize those litigants whose cases carry slight pecuniary damages, but which present instances of significant statutory violations." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307,* 732 F.2d at 503. In of light the foregoing analysis, the voluntary reduction of hours by the plaintiff's counsel, the further reduction herein, and the fact that this case is almost three years old, the undersigned finds that the award recommended is reasonable.

Finally, the defendants argue that the plaintiff's counsel are not entitled to costs. However, they do so by a general assertion that both fees and costs would be unjust. (DE 99, p. 6). They do not conduct a separate analysis about costs that would allow the undersigned to find a reduction of costs warranted.

## IV.  Conclusion

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that the plaintiffs' motion be **GRANTED** in part and **DENIED** in part. The undersigned **RECOMMENDS**: (1) a reduction to $395.00 as a reasonable rate for senior counsel; (2) a reduction of $30.00 for the less senior counsel; and (3) a reduction to $75.00 for the paralegal and law clerk work, with the exception of Ms. Pardee's calculation of damages and back wages. Therefore, the undersigned **RECOMMENDS**: (1) $234,059.50 for the work of counsel at DW; (2) $53,103.75 for the work of counsel at the Higgins Firm; (3) $2,319.48 for costs of DW; and (4) $350.00 for costs of the Higgins Firm, as detailed in the following charts:

| DW | | | | | |
|---|---|---|---|---|---|
| **Individual** | **Rate ($)** | *Adjusted Rate ($)* | **Hours** | **Total Fees ($)** | *Adjusted Fees ($)* |
| Reid Estes (Member) | 470.00 | *395.00* | 94.70 | 44,509.00 | *37,406.50* |
| Martin Holmes (Member) | 425.00 | *395.00* | 276.60 | 117,555.00 | *109,257.00* |
| Peter Klett (Member) | 425.00 | *395.00* | 4.10 | 1,742.50 | *1,619.50* |
| Darrell West (Member) | 415.00 | *395.00* | 0.70 | 290.50 | *276.50* |
| Sherry Taylor (Member) | 355.00 | *325.00* | 11.20 | 3,976.00 | *3,640.00* |
| Scott Petz (Sr. Assoc./Member) | 290.00 | *260.00* | 220.40 | 63,916.00 | *57,304.00* |
| Joseph McKinney (Associate) | 240.00 | *210.00* | 0.50 | 120.00 | *105.00* |
| Grace Trueman (Associate) | 230.00 | *200.00* | 39.10 | 8,993.00 | *7,820.00* |
| Colin Ferguson (Associate) | 220.00 | *190.00* | 5.20 | 1,144.00 | *988.00* |
| Pam Pardee (Sr. Paralegal/Mgr.) | 160.00 | *75.00; 160.00* | 92.60; 35.80 | 20,544.00 | *6,945.00 5,728.00* |
| Theresa Burson (Sr. Paralegal) | 150.00 | *75.00* | 0.00 | 0.00 | 0.00 |
| Jadah McCoy (Paralegal) | 150.00 | *75.00* | 31.00 | 4,650.00 | *2,325.00* |
| Retha Church (Clerk) | 90.00 | *75.00* | 8.60 | 756.00[5] | *645.00* |
| | | | 820.50 | 268,196.00 | *234,059.50* |

---

[5] The undersigned notes that this value should actually be $774.00.

| The Higgins Firm | | | | | |
|---|---|---|---|---|---|
| Individual | Rate ($) | *Adjusted Rate ($)* | Hours | Total Fees ($) | *Adjusted Fees ($)* |
| Jonathan A. Street (Partner) | 440.00 | *395.00* | 123.20 | 54,252.00 | *48,664.00* |
| James S. Higgins (Partner) | 440.00 | *395.00* | 4.30 | 1,892.00 | *1,698.50* |
| Michael Griffin (Associate) | 250.00 | *220.00* | 0.75 | 187.50 | *165.00* |
| Brandon G. Hall (Paralegal) | 150.00 | *75.00* | 34.35 | 5,152.50 | *2,576.25* |
| | | | 162.60 | 61,484.00 | *53,103.75* |

(DE 96-1, p. 4; Exhibit A (Higgins Firm Invoice); DE 97, pp. 11; 14; DE 96-3 (DW Invoice)).[6]

Under FED. R. CIV. P. 72(b), the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn,* 474 U.S. 140 reh'g denied, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 5th day of December, 2014

/s/John S. Bryant
John S. Bryant
United States Magistrate Judge

---

[6] The undersigned notes that the rate requested in the instant motion is $440.00 for Mr. Street and Mr. Higgins with a total fee request of $61,411.00. (96-1, pp. 1; 4). However, the rate requested is $450.00 in the supporting memorandum (DE 97, p. 14). Also, the fees requested do not total $61,411.00, but instead total $61,484.00.