IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BOBBY OSBORNE )
)
v. ) NO. 3-12-0185
) JUDGE CAMPBELL
NICHOLAS FINANCIAL, INC. )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge[1] (Docket No. 106), Objections filed by the Defendant (Docket No. 109), and Plaintiff's Response to those Objections (Docket No.113).[2]

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. The district judge must determine *de novo* any part of the Magistrate Judge's recommendation that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions. Fed. R. Civ. P. 72(b)(3). The Court, in its discretion,[3] finds that the Report and Recommendation is adopted and approved in part and overruled in part as follows.

---

[1] The disputes in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), were resolved by settlement of the parties prior to trial, but the parties were unable to agree upon attorneys' fees. The Motion for Attorneys' Fees and Costs (Docket No. 96) was referred to the Magistrate Judge for a Report and Recommendation (Docket No. 98).

[2] Plaintiffs did not file Objections to the reductions proposed by the Magistrate Judge.

[3] Although an award of attorneys' fees under the FLSA is mandatory, the award is within the discretion of the trial court. *Stewart v. CUS Nashville, LLC*, 2014 WL 116593 at * 6 (M.D. Tenn. Jan. 10, 2014).

Defendant first objects to the Magistrate Judge's award of paralegal fees for work he found to be clerical. Although reasonable fees may be awarded for paralegal work (*Stewart*, 2014 WL 116593 at * 9), fees cannot be recovered for purely clerical or secretarial tasks. *Green Party of Tennessee v. Hargett*, 2014 WL 1404900 at * 1 (M.D. Tenn. April 10, 2015). In addition, $75 per hour is a reasonable fee for paralegal work in Middle Tennessee. *Stewart* at * 9.

Accordingly, this argument of Defendant is well-taken, and the Magistrate Judge's determination about payment of paralegal fees is overruled. Plaintiffs' award of attorneys' fees shall include time for only those tasks which are not clerical in nature, at a rate of $75 per hour.

Secondly, Defendant claims that the Magistrate Judge failed to make an express finding that the block-billed and allegedly vague hours were "reasonably expended." The Court disagrees. There is no evidence that the Magistrate Judge, who clearly identified the legal standard to determine the lodestar as the number of hours "reasonably expended" on the litigation multiplied by a reasonable hourly rate, did not apply that standard in his analysis and recommendation. The Magistrate Judge also specifically found that the descriptions in these time entries were sufficiently detailed, and the Court agrees. [4]

Third, Defendant argues that the Magistrate Judge erred in his recommendation with regard to Defendant's remaining arguments. Those arguments include duplication, unnecessary time entries spent researching the Court and opposing counsel, researching an argument Plaintiffs never made,

---

[4] Although block billing does not provide the best possible description of attorneys' fees, it is not a prohibited practice. *Bryant v. Dollar General* Corp., 2007 WL 1875825 at * 4 (M.D. Tenn. June 26, 2007); *Farfaras v. Citizens Bank and Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006) (Title VII context). Citing *Farfaras*, Judge Moore of the Sixth Circuit noted, in a dissenting opinion, that "our sister circuits have rejected block-billing objections to fee awards in a number of contexts." *Pittsburgh & Conneaut Dock Co. v. Director, Office of Workers' Compensation Programs*, 473 F. 3d 253 (6th Cir. 2007).

time spent on an unsuccessful objection to an Order, and travel time between Detroit and Nashville.

The Court finds that the Magistrate Judge's analysis of these arguments is sufficient. With regard to duplication and unnecessary time entries, the Magistrate Judge, after reviewing the time entries, concluded that Plaintiffs' counsel's voluntary reduction in their hours was a good faith[5] effort to exclude excessive, redundant or unnecessary hours and found that further across the board reductions were not warranted. The Court agrees.

The Supreme Court has found that litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters. *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1940 (1983). The district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended in the litigation. *Id.* Here, the overall relief obtained was that the parties were able to settle all their differences except the amount of attorneys' fees and costs, which is a favorable result for the Plaintiffs.

Finally, Defendant contends that the Magistrate Judge ignored its objections to the $1,379.93 in costs of travel between Detroit and Nashville for one of Plaintiffs' counsel. Defendant did object to travel time and expenses for Scott Petz and argues that the travel was wholly unnecessary given the presence of at least four more senior attorneys in Nashville (including two from Petz's own firm) and Petz's lack of participation in the deposition. (Docket No. 99, p. 22). Plaintiff argues (Docket No. 100, n. 1) that Mr. Petz had significant communications with Mr. Osborne, making it logical for Mr. Petz to prepare Osborne for the deposition. The Court finds that, with four attorneys in

---

[5] Defendant argues that there is no "good faith" standard in this Circuit that absolves the Court from reviewing a fee request. The term "good faith," as used by the Magistrate Judge, was used to describe Plaintiffs' efforts, not to state a standard.

Nashville representing the Plaintiff, the need for Mr. Petz to travel to Nashville to prepare Osborne (a Middle Tennessee resident) for deposition in Nashville was duplicative. Accordingly, the fees and travel expenses associated with this travel time should not be allowed.

CONCLUSION

For these reasons, the Report and Recommendation of the Magistrate Judge (Docket No. 106) is adopted and approved in part and overruled in part. Plaintiffs' Motion for Attorneys' Fees and Costs (Docket No. 96) is granted in part and denied in part as set forth in the Report and Recommendation and herein.

Plaintiffs' award of attorneys' fees shall include only time for those tasks which are not clerical in nature, at a rate of $75 per hour. In addition, the fees and travel expenses associated with Mr. Petz's travel from Detroit to Nashville in preparation for Mr. Osborne's deposition are not allowed.

The parties shall attempt to make these changes to the amounts of fees and costs awarded and file an Agreed Order of Dismissal by February 17, 2015. If the parties are unable to reach agreement as to the rulings of the Magistrate Judge and the Court, any disputes are referred to the Magistrate Judge for decision in line with this Order.

IT IS SO ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE